## (August 23, 1977)

In the Matter of MICHAEL BELTRAMI, Respondent, v MAURICE NADJARI et al., Appellants, and ALICE SACHS et al., Constituting the Board of Elections of the City of New York, Respondents. In the Matter of PATRICK BEARY, Respondent, v MAURICE NADJARI et al., Appellants, and ALICE SACHS et al., Constituting the Board of Elections of the City of New York, Respondents.—In proceedings to invalidate petitions designating Maurice Nadjari as a candidate in the Republican Party primary election to be held on September 8, 1977 for the public office of District Attorney, Queens County, the appeals are from two judgments of the Supreme Court, Queens County, both dated August 1, 1977, which, after a hearing, granted the applications and directed the board of elections to remove appellant's name from the Republican Party line of the ballot in any primary or general election to be held in 1977. Judgments reversed, on the law, without costs or disbursements, applications denied, and the board of elections is directed to place the name of Maurice Nadjari upon the appropriate ballot. In 1969 appellant Maurice Nadjari (hereafter appellant) enrolled as a member of the Republican Party. He was registered, and voted, in Suffolk County up to and including November, 1976. That month he moved to Queens County. On January 18, 1977 appellant completed and executed an "Application for Registration and Enrollment by Mail" for the purpose of transferring his registration by mail pursuant to section 153 of the Election Law. As part of that application, the appellant requested that his party enrollment be transferred to his new address. The application was received by the Queens office of the board of elections on February 2, 1977. Following its usual procedure, a member of the board filled out an "Affidavit to the Board of Elections for Transfer of Enrollment", which was then sent to the Suffolk County Board of Elections. On March 1, 1977 the Queens board received from the Suffolk board a photostatic copy of the appellant's party enrollment form. The appellant then received from the Queens board a "Notice of Acceptance by the Board of Elections of Registration and Enrollment Application by Mail." On July 6 or 7, 1977, the appellant's designating petitions were filed. Section 153 of the Election Law sets forth the procedure for "Registration and enrollment and transfer of same upon application filed by mail", the method used by the appellant. Paragraph (b) of subdivision 6 of section 153 states that to transfer a registration and enrollment by mail, the board of elections "shall do so as provided in section four hundred seven-a". But section 407-a only makes reference to registered voters changing their residence *within* the same county or within the City of New York, neither of which was the situation here. Therefore, the argument was made, and Special Term so found, that a transfer of registration and enrollment from Suffolk County to Queens County could not be made by mail, and that the appellant was not an enrolled member of the Republican Party as required by the Wilson-Pakula Law (Election Law, § 137), the day his designating petitions were filed. This we hold, was error. In our view when

the pertinent statutes are read together it is clear that their intent is to permit the appellant, under circumstances such as these, to be considered an enrolled member of the Republican Party at the time of the filing of the designating petitions. Prior to 1976, persons who moved from one county to another, except within the City of New York, after the cutoff date, were barred by the delayed-enrollment scheme from voting in the next primary election. When sections 186 and 187 of the Election Law (which, as then enacted, prescribed the delayed-enrollment scheme) were attacked as unconstitutional (see *Echevarria v Carey,* 402 F Supp 183, affd 538 F2d 309), the Legislature amended the statute so as to allow for intercounty transfers of enrollment with immediate voting rights (L 1976, ch 347). (The *Echevarria* action was later dismissed as moot due to the intervening New York legislation.) That amendment must be read with the provisions of section 407-a of the Election Law and, consequently, it authorizes the transfer of the appellant's enrollment from Suffolk County to Queens County and gives the appellant the right to be designated as a candidate by petition. Accordingly, the judgment is reversed. Hopkins, J. P., Cohalan, Margett, Titone and Suozzi, JJ., concur.